# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. MOORE,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>AMY TRAN, TONTA GAY, VICTOR J. MOREL, BONNIE DUMANIS,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07CV2253-LAB (PCL)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On November 7, 2007, Plaintiff Andrew Moore filed his complaint in this action, along with a pleading styled "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis*" (the "IFP Motion").

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The IFP Motion states Plaintiff is unable to pay the filing fee. In support of this assertion, Plaintiff has included financial information, including statements regarding his income and employment. He states he receives social security, disability, and retirement benefits totalling $2770 monthly and is currently employed. He gives his occupation as

"Ranger Patrol" and his salary as "$1100 net" but does not state the time period (*i.e.*, weekly, biweekly, monthly, etc.)  He has $146 in a credit union.  Plaintiff also lists debts and obligations of $19,000 on his 2006 model car and $3600 in other debts, as well as a partly illegible monthly obligation of $600 for what appears to be storage.  He says his only dependant is his wife, for whom he provides all support.  The financial information Plaintiff does not indicate he is unable to pay the $350 filing fee.

The form Plaintiff used for his IFP motion includes references to his declaration being "under penalty of perjury," which he has altered.  For example, in the sentence "In further support of this application, I answer the following question under penalty of perjury," he struck out the words "penalty of perjury" and wrote the word "attestment."  The form concludes with the sentence, "I declare under penalty of perjury that the above information is true and correct and understand that a false statement herein may result in the dismissal of my claims."  Plaintiff, however, has struck out the words "penalty of perjury" and written in the word "attested," and has also obliterated the words following "that a," rendering the sentence nonsensical.

Section 1915(a)(1) authorizes the Court to permit a plaintiff to proceed *in forma pauperis* only if the party submits an affidavit setting forth certain financial information.  This requirement is further explained in 28 U.S.C. § 1746, which provides that, when federal law requires a sworn  affidavit, a party may meet this requirement by submitting an unsworn declaration "subscribed by him, as true under penalty of perjury . . . ."  This section also provides that an affidavit executed in the United States must include a declaration substantially similar to the following: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."   Plaintiff's attempts to obliterate the form's references to the penalties for false statements render his declaration unacceptable. Plaintiff is further advised that obliterating language warning him of possible dismissal in the event his declaration of poverty is untrue has no effect on the Court's power to dismiss his case; in fact, if at any time the Court determines his allegation of poverty is untrue, the Court must dismiss his claim. 28 U.S.C. § 1915(e)(2)(A).  Nor does altering the form alter his obligations

under Fed. R. Civ. P. 11, or exempt him from possible penalties provided for in that rule, or pursuant to the Court's inherent power. *See Chambers v. NASCO,* 501 U.S. 32, 44 (1991) (noting courts' inherent power to punish for contempts, including fraud on the court).

Section 1915(a)(1) also requires a party seeking leave to proceed *in forma pauperis* to state the nature of the action he wishes to bring. Plaintiff attempts to do this by attaching a copy of his Complaint. The Complaint includes a demand for a grand jury investigation and identifies itself as a criminal complaint. (Complaint at 1, 2.) Plaintiff purports to be acting as a private attorney general. (*Id.* at 2, 4, 18.) Plaintiff has not shown he has authority to bring criminal proceedings against the named Defendants or anyone else. Beyond this, the Complaint is virtually unintelligible. Its eighteen single-spaced pages discuss many and various topics., including malfeasance by several allegedly insolvent banks, international law, slavery, and war crimes. Nowhere, however, does Plaintiff explain his own cause of action.

Because the Court finds Plaintiff is not unable to pay the filing fee, and finds Plaintiff's IFP Motion unacceptable in any event, the Court **DENIES** the IFP Motion and **DISMISSES** the complaint without prejudice.

**IT IS SO ORDERED**.

DATED: December 5, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge